GEOFFREY ROY AKERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Akers v. Commissioner
Docket No. 1650-77.
United States Tax Court
T.C. Memo 1979-217; 1979 Tax Ct. Memo LEXIS 314; 38 T.C.M. (CCH) 876; T.C.M. (RIA) 79217; May 29, 1979, Filed Geoffrey Roy Akers, pro se. David N. Brodsky, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $3,152.22 deficiency in petitioner's 1974 income tax, plus a $157.61 addition to the tax under section 6653(a). [1] Due to concessions by the parties, the sole issue remaining is whether petitioner has substantiated charitable contributions in 1974 in an amount in excess of $78. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. Petitioner resided *315 in Norwich, Connecticut, at the time he filed his petition. During 1974 petitioner was a member of The First Church of Christ, Scientist, Boston, Massachusetts, and The First Church of Christ, Scientist, New London, Connecticut. On his 1974 income tax return petitioner deducted charitable contributions as follows: First Church of Christ, Scientist, Boston
$6,945
First Church of Christ, Scientist, New London
1,620
Salvation Army and Boy Scouts
110
Total
$8,675
Attached to the return was an itemized list setting forth the specific cash contributions made to the Boston and New London churches on each Sunday of the year. This itemization was not a contemporaneous diary of such contributions. On his 1974 return petitioner reported gross income of $24,225.31. Respondent disallowed petitioner's deductions for charitable contributions during 1974 to the extent they exceeded $78 on the grounds that petitioner had failed to substantiate such contributions. OPINION Section 170(a)(1) provides that "[a] charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary * * *." Section 1.170A-1(a)(2)(iii), *316 Income Tax Regs., provides that the District Director may require statements from donee organizations corroborating claimed contributions. Petitioner claims he made his large donations to the Church in cash and anonymously so that no verification from the donee is possible. The only documentary support furnished by petitioner for the claimed contributions was the schedule attached to his 1974 return. The schedule, which is in inverse chronological order, is not a contemporaneous diary. Petitioner testified at trial that he made his claimed contributions anonymously because of his religious convictions as a Christian Scientist. However, it is clear that such convictions are almost uniquely his, since the assistant treasurer of the First Church of Christ, Scientist, testified that less than one percent of the donations received by the Mother Church in Boston each year are from anonymous donors. The Mother Church receives between seven million dollars and eleven million dollars annually in donations. Moreover, members of the Church may receive verification of thier donations in many different ways. Some members mail cash to the Church in letters identifying themselves; the *317 treasurer's office records the name of each such donor and the amount contributed. Some members mail checks to the Church. Receipts are given by the Church upon request. Some members place checks in the Sunday collecton plates. Thus, petitioner easily could have made his donations in such a manner that they could have been verified by the Church had he so desired. Petitioner's only evidence of substantiation in this case beside the schedule attached to the return is his testimony. [2] We are not persuaded by that evidence that petitioner made charitable constributions in 1974 in excess of the $78 allowed by respondent. Petitioner, on whom the burden of proof rests ( Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure), has failed to carry his burden. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. Petitioner did not present any evidence with respect to the claimed contributions to the Salvation Army and the Boy Scouts.↩